J. S62034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
AARON SCOTT JOHNSON, : No. 705 WDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered May 11, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0003103-2015


BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 2, 2020**

Aaron Scott Johnson appeals from the May 11, 2017 judgment of

sentence entered by the Court of Common Pleas of Allegheny County following

his conviction of possession of a firearm by a prohibited person, firearms not

to be carried without a license, tampering with and/or fabricating evidence,

resisting arrest, and defiant trespass.[1]  After careful review, we affirm.

The record reflects the following procedural history:  The trial court

convicted appellant of the aforementioned offenses following a stipulated

bench trial on May 11, 2017.  Appellant waived a pre-sentence investigation

and the trial court immediately sentenced appellant to an aggregate term of

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 4910(1), 5104, and 3503(b)(1)(ii),
respectively.

16-32 months' incarceration, with credit for time served, to be followed by 5 years' probation.

Despite being represented by counsel, appellant filed a ***pro se*** notice of appeal on June 8, 2017. On November 8, 2018, this court remanded for the trial court to hold a ***Grazier***[2] hearing, while retaining jurisdiction. ***See Commonwealth v. Johnson***, No. 924 WDA 2017, unpublished judgment order (Pa.Super. filed November 8, 2018). On November 29, 2018, the trial court entered an order appointing Brian Sichko, Esq., to represent appellant. On December 11, 2018, Attorney Sichko filed a petition for withdrawal of appeal with this court. This court discontinued appellant's appeal in a ***per curiam*** order entered December 17, 2018.

While the petition for withdrawal of appeal from this court was pending, Attorney Sichko filed a petition requesting reinstatement of appellant's post-sentence and direct appellate rights ***nunc pro tunc*** pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The trial court entered an order granting appellant's petition on February 1, 2019. On February 11, 2019, the trial court granted appellant's motion for an extension of time to file a post-sentence motion ***nunc pro tunc***, providing appellant an additional 30 days to file a post-sentence motion.

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Despite still being represented by Attorney Sichko, appellant filed a *pro se* post-sentence motion on February 19, 2019.[3] On March 4, 2019, the trial court granted Attorney Sichko leave to withdraw as appellant's counsel and appointed Robert S. Carey, Jr., Esq., to represent appellant. In the interim, the time period expired for appellant to file a post-sentence motion *nunc pro tunc*. (*See* trial court order, 2/11/19; Docket No. 66.) Appellant filed a petition to reinstate his rights to file a post-sentence motion and a direct appeal *nunc pro tunc* on March 13, 2019, which appears to be filed pursuant to the PCRA. On March 25, 2019, the trial court reinstated appellant's direct appellate rights *nunc pro tunc* and further ordered appellant to file a post-sentence motion by April 14, 2019. Appellant timely complied, filing a post-sentence motion to modify sentence on April 12, 2019. The trial court denied appellant's post-sentence motion without a hearing on April 22, 2019.

Appellant timely filed a notice of appeal on May 8, 2019. The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 19, 2019, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

---

[3] Pursuant to the well-settled case law in this Commonwealth prohibiting hybrid representation, the trial court did not act on appellant's *pro se* post-sentence motion. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016), citing *Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011).

> Whether the [trial c]ourt erred in denying [a]ppellant's post[-]sentence motion without a hearing where pursuant to 42 Pa.C.S.A. § 9771 [a]ppellant's continued supervision should be terminated as multiple factors demonstrate that [a]ppellant does not require ongoing supervision and the Parole Board's actions have frustrated the well-reasoned sentencing scheme of the sentencing court?

Appellant's brief at 3.

While this appeal is framed as a challenge to appellant's judgment of sentence by way of a denied post-sentence motion, after reviewing the record, we find that appellant is actually appealing from a denial of a motion for early termination of probation. Indeed, what appellant styled as a post-sentence motion requests that the trial court "terminate [appellant's] continued supervision as multiple factors demonstrate that [appellant] does not require ongoing supervision and the Parole Board's actions have frustrated the well-reasoned sentencing scheme of [the trial court]." (Appellant's post-sentence motion, 4/12/19 at unnumbered page 2.)

In his brief, however, appellant forwards an argument pertaining to the discretionary aspects of his sentence. Specifically, appellant focuses much of his argument on allegations that the trial court violated fundamental sentencing norms by improperly focusing on recidivism. (**See generally** appellant's brief at 10-14.) Appellant does not provide any details in his brief as to how "the Parole Board's actions have frustrated the well-reasoned

sentencing scheme of [the trial court.]" (**See** appellant's post-sentence motion, 4/12/19 at unnumbered page 2; appellant's brief at 3, 10.)

In order to challenge the discretionary aspects of sentence, a defendant must, **inter alia**, properly preserve the issue at sentencing or in a motion to reconsider or modify sentence pursuant to Pa.R.Crim.P. 720. **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), **appeal denied**, 76 A.3d 538 (Pa. 2013), citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), **appeal denied**, 909 A.2d 303 (Pa. 2006). Failure to do so generally results in waiver. **Griffin**, 65 A.3d at 935, citing **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), **appeal denied**, 831 A.2d 599 (Pa. 2003).

Here, appellant did not raise any issues pertaining to the discretionary aspects of the trial court's sentence in his post-sentence motion. To the contrary, he referred to the trial court's sentencing scheme as "well-reasoned." (**See** appellant's post-sentence motion, 4/12/19 at unnumbered page 2.) Accordingly, we find that appellant has waived any issues pertaining to the discretionary aspects of his sentence.

To the extent appellant has preserved any issues pertaining to the trial court's denial of his motion to terminate his probation, such an appeal is a challenge to the underlying sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is

> not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015), quoting *Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa.Super. 2007) (citation omitted).

The record reflects that the trial court only sentenced appellant on the possession of a firearm by a prohibited person conviction. (Notes of testimony, 5/11/17 at 40.) The record further reflects that appellant's prior record score was 5 and his possession of a firearm by a prohibited person conviction carried an offense gravity score of 10. (Guideline sentence form, 5/11/17; Docket No. 33.) The sentencing guidelines in effect at the time the crimes were committed established a standard sentencing range of a minimum of 60-72 months' incarceration. *See* 204 Pa.Code § 303.16(a) (repealed September 26, 2014).

Here, appellant requested that the trial court impose an abbreviated prison sentence with a probationary tail as a means of keeping appellant under the trial court's control. (Notes of testimony, 5/11/17 at 38-39.) The trial court granted appellant's request, imposing a term of incarceration well below even the guidelines' mitigated range, to be followed by a 5-year term of probation. (*Id.* at 40.)

Based on our review of the record, we can discern no abuse of discretion by the trial court. Indeed, the trial court deviated from the sentencing guidelines at appellant's request to provide him with a more lenient term of incarceration in exchange for a longer probationary tail. We, therefore, cannot conclude that the sentence imposed by the trial court, while deviating from the sentencing guidelines, was manifestly unreasonable, nor was the trial court's sentence the result of partiality, prejudice, bias, or ill-will. ***See Zirkle***, 107 A.3d at 132.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2020